Nanci **CHAMPION, Plaintiff–Appellant,**

v.

Jo Anne B. **BARNHART,*** **Commissioner of the Social Security Administration, Defendant–Appellee.**

No. 01–35432.
D.C. No. CV–00–00116–BLW.

United States Court of Appeals,
Ninth Circuit.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, the parties' requests for oral argument are denied.

* Jo Anne B. Barnhart is substituted for her predecessor as Commissioner of the Social Security Administration. *See* Fed. R.App. P. 43(c)(2).

Submitted May 13, 2002.**

Decided May 29, 2002.

Before FERNANDEZ, RYMER, and WARDLAW, Circuit Judges.

MEMORANDUM ***

Nanci Champion appeals the judgment of the district court affirming the decision of the Commissioner of the Social Security Administration to deny her application for disability benefits and supplemental security income. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's order and we uphold the Commissioner's decision if it is supported by substantial evidence and is free of legal error. *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir.2001). We reverse and remand for payment of benefits.

The vocational expert ("VE") testified that if Champion could not complete a normal work day, combined with her other limitations, she could not perform any job in the national economy. The administrative law judge ("ALJ") concluded that Champion could complete a normal work day by rejecting the opinions of Champion's treating and examining physicians, Champion's testimony, and the lay witness statements from Champion's mother and sister. The ALJ's rejection of this evidence was erroneous.

First, the ALJ did not provide "specific and legitimate" reasons for rejecting the opinions of Champion's treating and exam-

ining physicians in favor of the non-examining physicians. *See id.* at 1203. For example, the ALJ rejected the treating physician's opinion that Champion's mental impairments precluded her from working, in part because about fifteen months earlier the doctor had opined that Champion could possibly go back to work in a job that required less encounters with the public. The ALJ's selective reliance on the treating physician's earlier opinion is not supported by the record. *Cf. Lester v. Chater*, 81 F.3d 821, 833 (9th Cir.1995) (treating physician's more recent opinion based upon more complete record was entitled to more weight than earlier opinion that indicated claimant had occasional symptom-free periods).

Second, the ALJ's adverse credibility finding against Champion is not supported by clear and convincing reasons. *See Regennitter v. Commissioner*, 166 F.3d 1294, 1296–98 (9th Cir.1999). For example, the medical evidence explained that Champion's headaches were associated with menopause and therefore were of recent origin, and the medical evidence supported her testimony that she suffers from agoraphobia. *Cf. id.* (reversing ALJ's adverse credibility determination because it was not supported by clear and convincing reasons).

Finally, the ALJ failed to provide specific reasons for rejecting the lay witness statements from Champion's mother and sister concerning the symptoms of Champion's bipolar disorder and the adverse effects of the medication prescribed to treat that disorder. *See Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir.1996).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

REVERSED and REMANDED for payment of benefits.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.